# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE CO., as subrogee of CHARTER OAK PRODUCTION CO., LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>FUTURE ENERGY SERVICES, LLC, an Oklahoma limited liability company; FUTURE ENERGY SERVICES OF OKLAHOMA, INC., an Oklahoma Corporation, and QUASAR ENERGY SERVICES, INC., a Texas corporation, )<br><br>Defendants. ) | Case No. CIV-16-741-D |

## ORDER

The Court has reviewed Defendant Future Energy Services, LLC's (FES, LLC) Disclosure Statement Identifying Constituents of LLC [Doc. No. 11] and finds it is insufficient. Jurisdiction in this case is predicated on diversity jurisdiction. Compl., ¶ 5 [Doc. No. 1]. Notwithstanding this assertion, the Court has an independent obligation to ensure that it has subject matter jurisdiction. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted);

*Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1208 n. 10 (10th Cir. 2012). "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

The Complaint states FES, LLC is an Oklahoma limited liability company. Compl., ¶ 2. According to its statement, FES, LLC "is a non-governmental party organized as a limited liability company." Disclosure Statement, ¶ 1. FES, LLC identifies its sole shareholder as FES Holdings, LLC and states "[n]either FES, LLC nor FES Holdings, LLC is a citizen of Minnesota." *Id.* ¶ 2. For purposes of diversity jurisdiction, an LLC's citizenship is determined by reference to the citizenship of each and every one of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1235-36 (10th Cir. 2015). For each member of an LLC that is itself an LLC or partnership, its citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. *See Hicklin Engineering, LLC v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships."). To this end, FES, LLC fails to sufficiently identify the citizenship of FES Holdings, LLC's member(s) so as to enable the Court to properly

determine whether subject matter jurisdiction exists, and the Court finds that an amendment is necessary.

The Court recognizes that as the party invoking the Court's jurisdiction, Plaintiff bears the burden of proving it, *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999); however, the information needed is more readily available to FES, LLC. Accordingly, FES, LLC is directed to file an amended disclosure statement by **September 20, 2016** that sets forth with specificity the identity of its members and their citizenship, through all necessary layers/levels of ownership.

**IT IS SO ORDERED** this 6th day of September, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE